UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HRE THI,

      Petitioner,

    v.

BRIAN ENGLISH,

      Respondent.

CAUSE NO. 3:26cv477 DRL-SJF

<u>ORDER</u>

Immigration detainee Hre Thi filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

According to the petition, Mr. Thi was detained by United States Immigration and Customs Enforcement (ICE) in February 2024 following state criminal convictions for illegal firearm possession and grand larceny. He says he was ordered removed to Burma on October 24, 2024, and the Board of Immigration Appeals dismissed his appeal on May 6, 2025, making his removal administratively final at that time. He alleges that he was asked to apply for travel documents in June 2025, and Burma did not issue travel documents in the next nine months. In March 2026, ICE asked him to speak with his consulate to help facilitate his removal, and Mr. This says he complied and spoke to his consulate by video call. He reports his consulate told him they will try and get him a

travel document within 30 days. He filed this habeas petition in April 2026 because 30 days have passed and Burma has not granted travel documents.

As Mr. Thi acknowledges, this is his second habeas petition challenging his continued detention in ICE custody. On April 1, 2026, this court dismissed Mr. Thi's first habeas petition because he had not met his initial burden to show that removal was not reasonably foreseeable; the government had requested travel documents from Burma and Mr. Thi presented nothing more than the passage of time to suggest the request would not be granted. *See Thi v. English*, No. 3:26cv39, 2026 U.S. Dist. LEXIS 72633 (N.D. Ind. Apr. 1, 2026). Mr. Thi prepared his second habeas petition four days later, and the court received it on April 9, 2026.

Given that Mr. Thi's detention remains ongoing and given the nature of habeas relief under Section 2241, the court does not find that claim preclusion bars his case. However, the court will consider whether this case is futile under Rule 4 of the Rules Governing Section 2254 Cases given that it was initiated just a few days after the dismissal of a prior similar petition. This case appears to be futile. The primary difference between this petition and the prior one is the passage of a few days and the additional information that Mr. Thi spoke with the Burmese consulate in March 2026. The fact that Burma has not decided in the anticipated 30 days is not enough to show that removal is not reasonably foreseeable. Should significant time pass with no word from the consulate, or the government not otherwise make progress, the situation might be different, but at this time the prospect of removal still seems a real one. The mere inability to act within 30

days is not enough to show that removal is not reasonably foreseeable. Consequently, the court denies the petition.

For these reasons, the court DENIES the petition (ECF 1) and DIRECTS the clerk to close this case.

SO ORDERED.

May 13, 2026

*s/ Damon R. Leichty*
Judge, United States District Court